IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK FLUELLEN a/k/a : | | CIVIL ACTION |
|    JAMES CUNNINGHAM, : | | |
|    Petitioner : | | |
| : | | |
| v. : | | No. 07-4340 |
| : | | |
| ROBERT SHANNON, et al., : | | |
|    Respondents : | | |

### REPORT AND RECOMMENDATION

TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE　　　　　　　　　　　　　　　　　　　　　　　　March 20, 2008

     Petitioner "Frank Fluellen aka James Cunningham"[1] filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is incarcerated at the State Correctional Institution at Frankville, Pennsylvania for robbery, burglary, and criminal conspiracy. See Docket at 2, No. CP 0003-0124 1/2 (Ct. Com. Pl. Phila) [hereinafter Docket]. For the following reasons, I respectfully recommend his petition be DENIED with prejudice as untimely under § 2244(d)(1).

### FACTUAL AND PROCEDURAL HISTORY

     Cunningham was convicted of burglary, criminal conspiracy, and two counts of robbery, and on May 3, 2001 the court sentenced him to ten-to-twenty years imprisonment for burglary, ten-to-twenty years imprisonment for conspiracy, and two terms of ten-to-twenty years imprisonment for robbery. See Docket at 2.

     Cunningham filed a post-sentence motion and a motion for reconsideration of his

---

[1] Petitioner has many aliases, including Frank Fluellen, Frank Cummings, James Frank, and James Cunningham. See Criminal Docket at 3, Commonwealth v. Cunningham, CP-51-CR-0301251-2000 (Ct. Com. Pl. Phila.) [hereinafter 1251 Docket]. Because he was tried in state court as James Cunningham, I will refer to him as Cunningham.

sentence, which were denied.  See Docket at 2-3.  The Superior Court affirmed his sentence, Commonwealth v. Cunningham, 805 A.2d 566, 576 (Pa. Super. Ct. 2002), and the Pennsylvania Supreme Court denied allocatur on March 26, 2003, Commonwealth v. Cunningham, 820 A.2d 703, 703 (Pa. 2003).  Cunningham did not file a writ of certiorari to the United States Supreme Court.  See Docket.

On June 11, 2003, Cunningham filed a pro se petition for state collateral relief under the Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541, et seq.  See 1251 Docket at 5; Petitioner's Brief in Support of Post Conviction Relief, Commonwealth v. Cunningham, No. 0003-0124 1/2 (Ct. Com. Pl. Phila.).  Appointed counsel filed an amended PCRA petition on March 24, 2004, see Amended Petition in Conformity With the Requirements of the Post Conviction Relief Act, Commonwealth v. Cunningham, CP 00030124 1/2 and 00030125 1/2 (Ct. Com. Pl. Phila.), and a supplemental amended PCRA petition on July 24, 2004, see Supplemental Amended Petition in Conformity With the Requirements of the Post Conviction Relief Act, Commonwealth v. Cunningham, CP 00030124 1/2 (Ct. Com. Pl. Phila. filed Jul. 24, 2004).

On May 20, 2004, the Commonwealth filed a motion to dismiss and on September 9, 2004 it filed a response to the Supplemental Petition.  See Docket at 2-3.  The court sent Cunningham notice of the court's intention to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 ("Rule 907 Notice"), see Rule 907 Notice, Commonwealth v. Cunningham, C.P. 0003-0124 1/2 (Ct. Com. Pl. Phila), and Cunningham filed a response on November 24, 2004, see Docket at 7.  The court dismissed the petition on January 20, 2005.  See Commonwealth v. Cunningham, 746 EDA 2005 and 682 EDA 2005 (Ct. Com. Pl. Phila. Jun. 2005).

Cunningham appealed to the Pennsylvania Superior Court, which affirmed the PCRA court opinion on May 11, 2006.  Commonwealth v. Cunningham, 903 A.2d 42, 42 (Pa. Super. Ct. 2006) (table).  On September 15, 2006, the Pennsylvania Supreme Court denied further review.  Commonwealth v. Cunningham, 906 A.2d 1196, 1196 (Pa. 2006) (table).

During the pendency of his first petition for collateral relief, Cunningham filed three additional PCRA petitions.[2]  Cunningham filed a second PCRA petition on November 3, 2005.  See Motion for Post Conviction Collateral Relief, Commonwealth v. Cunningham, C.P. 0003-0124 1/2 and 0003-0125 1/2 (Ct. Com. Pl. Phila. filed Nov. 3, 2005).  The court appointed counsel, sent Cunningham a Rule 907 Notice indicating the petition would be dismissed due to his pending PCRA appeal, see Rule 907 Notice, Commonwealth v. Cunningham, C.P. 0003-0124 1/2 (Ct. Com. Pl. Phila. filed Apr. 20, 2006), and dismissed the petition on May 25, 2006, see Criminal Docket at 23, CP-51-CR-0301241-2000 (Ct. Com. Pl. Phila.) [hereinafter 1241 Docket].  Cunningham did not appeal the dismissal and his federal petition does not refer to this petition.

On or about May 17, 2006, Cunningham filed a third PCRA petition.  See 1251 Docket at 17.  The court issued a Rule 907 Notice, see Rule 907 Notice, Commonwealth v. Cunningham, C.P. 0003-0125 1/2 (Ct. Com. Pl. Phila. filed Jun. 29, 2006), and dismissed the petition on July 27, 2006 as untimely, see 1251 Docket at 22; Commonwealth v. Cunningham, 2550 EDA 2006, at 1 (Ct. Com. Pl. Phila. Nov. 2006).  Cunningham appealed to the Superior Court, which

---

[2] Cunningham asserts he filed two PCRA petitions, see Petition for Writ of Habeas Corpus by a Person in State Custody, at 5-6, Cunningham v. Shannon, 07-4290 (E.D. Pa. filed Oct. 9, 2007) [hereinafter Petition]; however, the docket establishes Cunningham filed four petitions, see 1241 Docket; 1251 Docket.

dismissed the appeal on January 25, 2007 for failure to file a brief.  See Appellate Docket at 3, Commonwealth v. Cunningham, 2550 EDA 2006 (Pa. Super. Ct.).

On or about May 20, 2006, Cunningham filed a fourth PCRA petition, see 1241 Docket at 23, which the PCRA court dismissed on June 29, 2006, see id. at 24.  Cunningham did not file an appeal and his federal petition does not refer to this petition.

Cunningham filed his federal habeas petition on October 9, 2007, alleging: (1) insufficient evidence to support the conviction because Cunningham is innocent; (2) denial of Sixth Amendment right to confront witnesses; (3) trial court error in imposition of his sentence; (4) PCRA court error for failing to re-sentence Cunningham; (5) denial of due process when the PCRA court appointed counsel and counsel did not raise ineffectiveness of trial and appellate counsel; (6) ineffective assistance of counsel for failing to conduct pre-trial investigation, subpeona witnesses, raise whether false evidence was used to obtain the conviction,[3] and other claims; (7) ineffective assistance of trial and appellate counsel for failing to call as exonerating witnesses the people who reported the crime on the 911 tape; (8) trial and appellate counsel ineffectiveness for failing to call Christopher Fluellen as financial witness to rebut motive of robbery and for failing to present Cunningham's financial ledgers; (9) trial and appellate counsel ineffectiveness for advising Cunningham not to testify; (10) trial and appellate counsel ineffectiveness for failing to call parole officer James G. Bordoni and Gerald Williams as

---

[3] In his federal petition, Cunningham alleges denial of his due process right to "effective assistance of trial and appellate counsel" because "the conviction was obtained by false evidence known to be false."  Construing the pro se petition liberally, see United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007), it appears Cunningham alleges denial of his due process rights because the government allegedly used false testimony and counsel was ineffective for failing to raise this claim.  See Criminal Docketing Statement Attachment G at 3, Commonwealth v. Cunningham, 746 EDA 2005 (Pa. Super. Ct. 2005).

4

exculpatory and character witnesses; (11) trial and appellate counsel ineffectiveness for failing to present evidence the alleged victims were involved in numbers running and drug trafficking; (12) denial of his right to allocution, and trial and appellate counsel ineffectiveness for failing to advise and prepare Cunningham for the allocution proceeding; and (13) appellate counsel ineffectiveness for failing to raise the sufficiency of the evidence.  See Petition.  Cunningham also stated he reserved the right to amend and supplement his claim.  Id.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year federal limitations period for filing applications for writs of habeas corpus.  28 U.S.C.A. § 2244(d)(1).  It provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  Section 2244 further provides "[t]he time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Cunningham's judgment of sentence became final on June 24, 2003, 90 days after the Pennsylvania Supreme Court denied review and Cunningham's time to file a petition for writ of certiorari with the United States Supreme Court expired. See Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (citing Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999)) (judgment final after the expiration of the time for seeking certiorari has expired whether or not review is actually sought). Cunningham had one year from June 24, 2003, that is, until June 24, 2004, to file his federal petition. The earliest date Cunningham's federal petition can be deemed filed is October 9, 2007, the date on which he signed it. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("a pro se prisoner's petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court"). This date is more than three years after the federal limitations period expired. Thus, Cunningham's federal petition is untimely unless he can establish the federal limitations period was tolled through October 9, 2007, or he satisfies an exception to the federal limitations period. See 28 U.S.C.A. § 2244(d)(1).

The federal limitations period may be tolled during the time a state collateral proceeding is pending if the collateral petition was properly filed under state law. 28 U.S.C. § 2244(d)(2). A properly filed state petition is one "submitted according to the state's procedural requirements, such as the rule governing the time and place for filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998); see also Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (where the state court rejected petitioner's PCRA petition as untimely, the petition was not "properly filed," and the

petitioner was not entitled to statutory tolling under § 2244(d)(2)).  Cunningham properly filed a PCRA petition on June 11, 2003, prior to the June 24, 2003 date on which his conviction would become final.  See 1251 Criminal Docket at 5.  As a result, Cunningham's federal limitations period was tolled from June 11, 2003 through September 15, 2006, when the Supreme Court of Pennsylvania denied allowance of appeal.

Cunningham filed three other PCRA petitions.  Two of the petitions were filed while his limitations period was already tolled and cannot extend the limitations period.  Cunningham filed his second PCRA petition on November 3, 2005, which the court dismissed on May 25, 2006.  See 1241 Criminal Docket at 23.  Cunningham filed his fourth PCRA petition on May 20, 2006, see 1241 Docket at 23, and the PCRA court dismissed the petition on June 29, 2006, see id. at 24.

Cunningham's third PCRA petition cannot toll his federal limitations period because it was untimely and, therefore, not properly filed.  See Pace, 544 U.S. at 417.  Cunningham's third PCRA petition, filed on May 17, 2006, was dismissed as untimely on July 27, 2006, and on January 25, 2007 the Superior Court dismissed the appeal for failure to file a brief.  See 1251 Docket at 22.

Therefore, Cunningham's federal limitations period was statutorily tolled from June 11, 2003 through September 15, 2006, and he was required to file his federal petition by September 15, 2007.  He failed to do so.  His October 9, 2007 petition is untimely.

Cunningham cannot satisfy any of the statutory exceptions to the federal limitations period set forth in § 2244(d)(1)(B)-(D).  He does not assert any claim that relies on a new rule of retroactively applicable constitutional law and does not allege any state action prevented him

7

from filing his petition.  See § 2244(d)(1)(B)-(C).  Moreover, the factual predicates upon which his claims are based concern events that took place prior to and during trial and appeal, and were discoverable in the exercise of due diligence.  See § 2244(d)(1)(D).[4]  Cunningham's claims rely on witnesses which were available at the time of his trial, see Petition at 9-10, and, therefore, cannot excuse his failure to file a timely federal petition under § 2244(d)(1)(D).

Similarly, Cunningham does not present any extraordinary circumstance beyond his control that would meet the judicially established criteria for disregarding the federal limitations period pursuant to the doctrine of equitable tolling.  Equitable tolling is appropriate

> only in the rare situation where [i]t is demanded by sound legal principles as well as the interests of justice . . . [and] only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.

Schlueter v. Varner, 384 F.3d 69, 75-76 (3d Cir. 2004), cert. denied, 544 U.S. 1037 (2005); Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Adams v. Palackovich, 2007 WL 1650677 *2-3 (E.D. Pa. June 4, 2007) (Giles, J.).  Therefore, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  See Pace, 544 U.S. at 418.[5]

---

[4] A petitioner must file his federal petition within one year of the date on which the factual predicate for a claim could have been discovered through due diligence.  See § 2244(d)(1)(D).

[5] The Supreme Court has not addressed whether equitable tolling applies to the AEDPA limitations period.  Pace, 544 U.S. at 418 n.8 (assuming equitable tolling applied for the case presented); see Gatewood v. Thomas, 2008 WL 162154, at *4 n. 5 (E.D. Pa. Jan. 14, 2008) (O'Neill, J.); Calderon v. Hogan, 2007 WL 1740273 at *4 n.5 (E.D. Pa., June 14, 2007) (Restrepo, J.).

Cunningham must prove all facts demonstrating entitlement to relief from custody. Brown v. Cuyler, 699 F.2d 155, 158 (3d Cir. 1982).

No extraordinary circumstances prevented Cunningham from filing a timely petition. It appears[6] Cunningham is arguing the extraordinary circumstances are his actual innocence and ineffective assistance of counsel. See Petition at 9-9a.

Cunningham does not identify, and I cannot find, any new evidence to prove actual innocence as an extraordinary circumstance to disregard the limitations period. An allegation of "actual innocence" is not a free-standing exception to the federal limitations period. Araujo v. Chandler, 435 F.3d 678, 682 (7th Cir. 2005), cert. denied, 127 S.Ct. 39 (2006); see McKeever v. Warden SCI Graterford, 486 F.3d 81, 84 n.5 (3d Cir. 2007) (Third Circuit has not yet recognized such a claim); Gatewood, 2008 WL 162154, at *4; Calderon, 2007 WL 1740273 at *6. Asserting actual innocence does not provide a basis for relief, it merely serves as "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993).

Assuming a viable claim of actual innocence could equitably toll the limitations period, Cunningham must offer "new reliable evidence . . . that was not presented at trial" showing it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. Schlup v. Delo, 513 U.S. 298, 324, 327 (1995); Thompson v. Folino, 2007 WL 1725197, at *5 (E.D. Pa. Apr. 17, 2007) (Reuter, J.). Cunningham did not present new

---

[6] Courts should construe *pro se* pleadings liberally. Otero, 502 F.3d at 334; see Haines v. Kerner, 404 U.S. 519, 520 (1972) ("however inartfully pleaded" a *pro se* prisoner complaint is held "to less stringent standards than formal pleadings drafted by lawyers...."); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).

evidence on which to base his claim of actual innocence and cannot satisfy this "demanding" standard.  See House v. Bell, 547 U.S. 518, 538 (2006).

Cunningham also fails to prove ineffective assistance of trial and appellate counsel as an extraordinary circumstance to excuse his untimeliness.  Although ineffective assistance of counsel may equitably toll a limitations period, Cunningham must establish counsel was indeed ineffective, see United States v. Casiano, 216 Fed. Appx. 173, 175 (3d Cir. 2007) (deadline may be equitably tolled by a showing of ineffective assistance of counsel, but record that counsel was not ineffective can negate the contention), and the ineffectiveness was an extraordinary circumstance.  Gatewood, 2008 WL 162154, at *5.  Cunningham, however, fails to satisfy this heavy burden.

Ineffective assistance of counsel has not generally been considered an extraordinary circumstance where the ineffectiveness was due to counsel's negligence or mistake.  United States v. Martin, 408 F.3d 1089, 1093-1094 (8th Cir. 2005).  Serious attorney misconduct, however, may warrant equitable tolling.  Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001) (noting that claims of attorney misconduct may provide a basis for equitable tolling), overruled on other grounds by Carey v. Saffold, 536 U.S. 214 (2002); see also Spitsyn v. Moore, 345 F.3d 796, 798 (9th Cir. 2003) (tolling state habeas petitioner's statute of limitations due to the "extraordinary circumstance" of egregious misconduct on the part of petitioner's attorney); Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003) ("It is not inconsistent to say that attorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period while acknowledging that at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary."); United States v. Wynn, 292 F.3d

226, 230 (5th Cir. 2002) (petitioner's allegation that he was deceived by his attorney into believing a timely habeas petition had been filed presents a "rare and extraordinary circumstance" beyond petitioner's control that could warrant equitable tolling if petitioner reasonably relied on counsel's representations); Rouse v. Lee, 339 F.3d 238, 250 n.14 (4th Cir. 2003) (suggesting equitable tolling may be appropriate where attorney conduct reaches the level of "utter abandonment"); but see Modrowski v. Mote, 322 F.3d 965, 968-69 (7th Cir. 2003) (rejecting attorney misconduct as a basis for equitable tolling because such conduct is "attributable to the client").

Cunningham fails to demonstrate, and I cannot find, how counsel was ineffective and how any ineffectiveness constituted an extraordinary circumstance preventing him from filing a timely federal petition. See Schlueter, 384 F.3d at 75-76. He alleges his counsel failed to conduct a pre-trial investigation, subpoena witnesses, present witnesses and evidence, and advise and prepare Cunningham for his allocution petition, and inappropriately advised him not to testify. See Petition. However, he does not allege, and the record does not establish, how these alleged errors prevented him from filing a timely federal petition.

To the extent Cunningham raises ineffectiveness of PCRA counsel as an extraordinary circumstance, the claim fails. Ineffectiveness of PCRA counsel cannot excuse a procedural default, Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Line v. Larkins, 208 F.3d 153, 167 (3d Cir. 2000), and cannot be raised as a claim on federal habeas, 28 U.S.C. § 2254(i). PCRA counsel ineffectiveness, therefore, cannot be an "extraordinary circumstance" sufficient to excuse the untimely filing of a federal habeas petition. Smith v. Diguglielmo, 2006 WL 3327662, at *4 (E.D. Pa. Nov. 15, 2006) (Dubois, J.).

Accordingly, Cunningham failed to file his federal habeas petition before the federal limitations period expired and failed to satisfy the requirements of the exceptions to the federal limitations period.  I, therefore, recommend Cunningham's claims be dismissed as untimely.

Accordingly, I make the following:

**RECOMMENDATION**

AND NOW, this 20th day of March, 2008, it is respectfully recommended the petition for a writ of habeas corpus be DENIED with prejudice as untimely. It is further recommended that there is no probable cause to issue a certificate of appealability.[7] The petitioner may file objections to this Report and Recommendation within ten days after being served with a copy thereof. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

/s/ TIMOTHY R. RICE
TIMOTHY R. RICE
UNITED STATES MAGISTRATE JUDGE

---

[7] Jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, no certificate of appealability should be granted. See id.