IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK FLUELLEN, a/k/a/ James Cunningham | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WARDEN ROBERT SHANNON, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA | : : : : : | NO. 07-4290 |

## MEMORANDUM OPINION

**Savage, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　June 21, 2018

　　　　Ten years after his *habeas* petition and five years after his first Rule 60(b) motion were denied, petitioner, Frank Fluellen[1], has filed a second motion under Fed. R. Civ. P. 60(b)(6).  His recent motion, characterized by petitioner as raising "procedural defects that led to the district court's failure to consider a solid claim of actual, factual innocence," requests a reconsideration of the claims raised in his *habeas* petition.  He asserts that "the Rule 60 motion presents extraordinary circumstances.  It demonstrates an extreme malfunction of the State Court system.  In addition, it demonstrates procedural irregularities in the way the 2254 *habeas* petition was handled."  Pet.'s Mot. at 11.

　　　　Despite this characterization, the motion does not rely on any procedural defects in the *habeas* proceedings.  On the contrary, it is an attempt to relitigate his *habeas* claims without asserting any factual evidence of his actual innocence.  Therefore, we shall deny his motion.

---

[1] Petitioner has used several names throughout his criminal history.  He has gone by Frank Fluellen, Frank Cummings, James Frank, and James Cunningham.  In the state case which he challenges here, he used James Cunningham.  *Commonwealth v. Cunningham*, CP 51-CR-0301251-2000 (C.P. Ct., Phila. Co.).  In his unrelated homicide case, he was convicted as Frank Fluellen.  *Commonwealth v. Fluellen*, C.P. 51-CR-210662-2001 (C.P. Ct., Phila. Co.).

In an effort to overcome the Rule 60 time limit, petitioner contends that there was a change in the law, entitling him to relief. He relies upon *Satterfield v. District Att'y of Phila.*, 872 F.3d 152 (3d Cir. 2017). Specifically, he argues that "newly discovered evidence supports Petitioner's actual innocence by arresting officer's conviction for filing false reports." The evidence he refers to is not new and does not support his claim of innocence. According to petitioner, he learned of the officer's conviction from his family members on September 5, 2009.

Petitioner has already made a claim that his conviction was tainted by Police Officer Charline Solomon's testimony. As petitioner acknowledges in his fifth PCRA petition filed on September 23, 2009, he claimed that "newly discovered evidence of Officer Charline Solomon's arrest and conviction for filing false reports, falsifying documents and lying to authorities" entitled him to relief. Pet. Mot. at 6. That PCRA petition was dismissed on March 30, 2012. Petitioner then filed a Rule 60(b) motion in this court on March 13, 2013 which was dismissed by the late Judge Thomas O'Neill on April 12, 2013. Petitioner's application for a certificate of appealability was denied by the Third Circuit on August 11, 2013.

Petitioner continued raising Solomon's arrest when he sought authorization from the Third Circuit to file a second *habeas* petition. His request was denied. Thus, a claim based on Solomon's arrest cannot be reasserted under the label of a Rule 60(b) motion absent extraordinary circumstances.

The present motion is an attempt to circumvent the Third Circuit's denial of his request to file a second *habeas* petition raising the same issue. Casting his pleading as a

Rule 60(b) motion does not work.

As he did in his application to the Third Circuit, petitioner premises his claim on Solomon's conviction for filing false reports. The only difference between the petitioner's application for authorization to file a second *habeas* petition in the Third Circuit and this Rule 60 motion is his reliance on *Satterfield*.

*Satterfield* affords him no relief. *Satterfield* did not establish new law. Instead, it amplified existing law that a claim of innocence can equitably toll the *habeas* statute of limitations. The *Satterfield* court emphasized that the exception applies only upon a "credible showing of actual innocence." *Id*. at 154. It did not alter the actual innocence standard requiring that a petitioner present evidence so convincing that "no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 163.

Petitioner has made no showing of actual innocence. He proffers nothing more than the conviction of Solomon for falsifying reports in other cases to support his claim. He proffers no evidence or even suggests that Solomon falsified a report in his case. Indeed, the evidence of his guilt was overwhelming. He and his co-defendants were caught while robbing the victims in their home. Petitioner escaped through a rear door and was chased by the police who caught and arrested him.

Petitioner's claim based on Solomon's arrest is neither new nor permissible. He knew of the arrest in 2009 and presented it to both the district court and the Third Circuit to no avail in 2013. Because the Third Circuit has denied his request to raise the claim in a second *habeas* petition and there has been no change in the law affecting his case, petitioner's Rule 60(b) motion must be denied.